Adam M. Kaas (#13267)
Taylor P. Kordsiemon (#17257)
**KIRTON │ McCONKIE**
Key Bank Tower
36 South State Street, Suite 1900
Salt Lake City, Utah 84111
Telephone: (801) 328-3600
akaas@kmclaw.com
*Attorneys for Plaintiff InXpress, LLC*

---

## IN THE UNITED STATES DISTRICT COURT
### DISTRIT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **INXPRESS, LLC**, a Utah limited liability company,<br><br>Plaintiff,<br><br>        v.<br><br>**XGS LLC**, a Florida limited liability company, **CHRISTOPHER HORTENSI**, an individual, and **CARLA HORTENSI**, an individual,<br><br>Defendants. | **MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:21-CV-00620-RJS-DAO<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Daphne A. Oberg |

Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure and DUCivR 55-1(b)(1),

Plaintiff InXpress, LLC ("InXpress"), by and through counsel, hereby submits this Motion for

Default Judgment.

## RELIEF SOUGHT AND GROUNDS THEREFOR

The Court recently granted InXpress's Motion for Entry of Default as against Defendant

XGS, LLC ("XGS"). Pursuant to Rule 55(b)(1) and because InXpress's claim against XGS is for

a sum certain, InXpress requests the Clerk of Court to enter default judgment against XGS in the amount of $1,619,967.12.

## STATEMENT OF FACTS

### *Procedural Posture*

1.      On September 13, 2021, InXpress filed its Complaint against XGS, Carla Hortensi, and Christopher Hortensi (collectively, "Defendants") in the Third Judicial District Court in and for Salt Lake County, State of Utah. *See generally* Complaint, attached as Exhibit 1; *see also* Affidavit of Dustin Hansen, attached as Exhibit 2, ¶ 13.

2.      Based on XGS's failure to comply with the terms of an agreement between InXpress and XGS (the "Franchise Agreement"), the Complaint sought damages against XGS for breach of contract or, in the alternative, unjust enrichment. *See* Exhibit 1 ¶¶ 27–37; Exhibit 2 ¶¶ 4–13, 27.

3.      On October 21, 2021, Defendants removed the action to this Court.  *See* Notice of Removal [Dkt. No. 2]; *see also* Exhibit 2 ¶ 15.

4.      Upon Defendants' failure to timely answer the Complaint and failure to appear or appoint counsel, InXpress filed a Motion for Entry of Default. *See* Motion for Entry of Default [Dkt. No. 20]; *see also* Exhibit 2 ¶¶ 16–24.

5.      On March 14, 2022, the Court granted InXpress's Motion for Entry of Default as against XGS and directed the Clerk of Court to enter a default against XGS. *See* Order Granting Motion for Entry of Default [Dkt. No. 23]; *see also* Exhibit 2 ¶ 25.

6.      XGS has not made any attempt to set aside or seek relief from this entry of default. *See* Exhibit 2 ¶ 26.

7.      The principal amount due InXpress for its claims against XGS, including interest accrued as per the Franchise Agreement, is $1,619,967.12. *Id.* ¶¶ 6–12, 27–28.

## ARGUMENT

InXpress is entitled to have the Clerk of Court enter default judgment against XGS. Following entry of default against a defendant, Rule 55 outlines the procedure for entry of default judgment against the defaulting defendant:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—*must* enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

*See* Fed. R. Civ. P. 55(b)(1) (emphasis added). Here, XGS failed to respond or appear, and the Court directed the Clerk of Court to enter default against XGS. *See* Statement of Facts ("Facts") ¶¶ 4–5. XGS has made no effort to seek relief from the entry of default against it. *See* Facts ¶ 6. The amount due InXpress for its claims against XGS can be made certain by computation, as demonstrated in the affidavit of Dustin Hansen attached hereto. *See* Facts ¶ 7.

Accordingly, InXpress seeks default judgment in its favor on its breach of contract claim against XGS. As pled in the Complaint and supported by the Affidavit of Dustin Hansen, XGS breached the Franchise Agreement it entered into with InXpress. *See* Facts ¶ 2. As of the present date, XGS's breach of contract has directly and proximately injured InXpress in an amount not less than $1,619,967.12. *See* Facts ¶ 7. InXpress also asserted an alternative cause of action, unjust enrichment, in the Complaint. *See* Facts ¶ 2. Damages related to that cause of action are equivalent to those raised for InXpress's breach of contract claim. *See* Facts ¶ 7.

4884-1825-2062

Therefore, InXpress requests that the Clerk of Court enter the proposed Default Judgment,

attached hereto as Exhibit 3, and grant judgment in favor of InXpress on its claims against XGS.

## CONCLUSION

For the above-described reasons, the Court should GRANT this Motion and enter default

judgment against XGS in the amount of $1,619,967.12.

DATED this 28th day of April, 2022.

KIRTON McCONKIE

By:/s/ Taylor P. Kordsiemon
    Adam M. Kaas
    Taylor P. Kordsiemon
    *Attorneys for Plaintiff InXpress, LLC*

4884-1825-2062

## CERTIFICATE OF SERVICE

      I hereby certify that on this 28th day of April, 2022, I caused a copy of the foregoing to

be filed using the Court's CM/ECF electronic filing system, which provides service to all

counsel of record.


                         /s/ Taylor P. Kordsiemon

4884-1825-2062